**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PEYTON JOHN WESLEY HOPSON,**

      **Plaintiff,**

  v.                                    **Civil Action 2:20-cv-4751**
                                          **Judge Sarah D. Morrison**
                                          **Magistrate Judge Chelsey M. Vascura**

**DEBORAH S. HUNT,**

      **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Peyton John Wesley Hopbson, an inmate at Belmont Correctional Institution ("BCI") in Belmont County, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against Defendant, Deborah S. Hunt, Clerk of Court for the United States Court of Appeals for the Sixth Circuit, alleging that Defendant deprived Plaintiff of his First Amendment right of access to the courts. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.)  Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently has $0.49 in his prison account, which is insufficient to pay the filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate # A662444) at BCI is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. § 1915(b)(2); *see also Bruce v. Samuels*, 136 S. Ct. 627 (2016).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to the Complaint, Plaintiff filed a § 1983 action in the United States District Court for the Northern District of Ohio against Stark County Deputies in 2015.  The trial court dismissed his action on an initial screen for failure to state a claim on which relief may be granted.  *See Hopson v. Stark Cty. Sheriff's Office*, No. 5:15-CV-992, 2015 WL 13866562, at *2 (N.D. Ohio Oct. 16, 2015) ("The 992 Action").  In the same order, the trial court certified that any appeal would not be taken in good faith.  *Id.*  Plaintiff appealed the order dismissing his action to the United States Court of Appeals for the Sixth Circuit, but neither moved for leave to proceed *in forma pauperis* nor paid the filing fee.  (The 992 Action, ECF No. 12.)  The Sixth Circuit consequently dismissed Plaintiff's appeal pursuant to Sixth Circuit Rule 45(a).  (*Id.*, ECF No. 14.)

In the instant action, Plaintiff now asserts that the 6th Circuit's dismissal of his appeal violated his First Amendment right to access to the courts.  According to Plaintiff, Defendant dismissed his appeal "solely because poverty made it impossible for him to pay litigation cost." (Compl. 5, ECF No. 1.)  Plaintiff seeks monetary damages, specifically $200,000 for emotional distress, an unspecified amount for the cost of future mental health care, $1010 for reimbursement of filing fees, and $50,000 in punitive damages.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

3

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>    \*  \*  \*
>
> (B) the action or appeal--
>
>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*,

4

550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.

Plaintiff's claim centers on actions taken by a quasi-judicial officer, Defendant Deborah S. Hunt, Clerk of Court for the Sixth Circuit. No matter how liberally the undersigned construes Plaintiff's Complaint, his claim against Defendant is barred by the doctrine of judicial immunity. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). Judicial immunity may be extended to judicial staff, such as the Clerk of Court, when the staff member is acting in a quasi-judicial capacity. *See Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) ("[Plaintiff]

attempted to hold Judges Weber and Dlott, law clerk Snyder, and court clerk Murphy liable for delays in his [habeas corpus] petition. These defendants were acting in their judicial and quasi-judicial duties, and so are immune from suit."). Judicial immunity is overcome only if the actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). A review of Plaintiff's Complaint reveals that those exceptions do not apply here. Moreover, Defendant was acting in a quasi-judicial capacity when she dismissed Plaintiff's appeal pursuant to Sixth Circuit Rule 45(a). Because Defendant is entitled to absolute judicial immunity, the undersigned **RECOMMENDS** that Plaintiff's action be **DISMISSED**.

The undersigned notes that even if Plaintiff's claim was not barred by judicial immunity, it would be barred by the statute of limitations. Plaintiff's claim arises out of an action Defendant took in December 2015, namely, Defendant's dismissal of Plaintiff's appeal pursuant to Sixth Circuit Rule 45(a). *Bivens* actions, like § 1983 claims, generally "borrow the personal-injury statute of limitations from the state in which the claim arose." *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017) (citing cases); *see also Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (noting that for *Bivens* claims it is "settled practice" to adopt the personal injury statute of limitations of the state where the claim arises unless doing so would be inconsistent with federal law) (internal quotation omitted). Because Ohio has multiple personal-injury statutes with varying limitations periods, "courts use the statute of limitations applicable to residual or general personal injuries." *Zappone*, 870 F.3d, at 559. Thus, Ohio Revised Code § 2305.10—the general personal injury statute of limitations—which provides for a two-year statute of limitations period, with the cause of action accruing at the time of injury, applies to *Bivens* actions arising in Ohio. Ohio Rev. Code § 2305.10; *see also Zappone*, 870 F.3d, at 559–

6

60.  Defendant dismissed Plaintiff's appeal in December 2015, and Plaintiff filed the Complaint in this action on September 11, 2020, well beyond the two-year statute of limitations.  Therefore, for this additional reason, the undersigned **RECOMMENDS** that Plaintiff's action be **DISMISSED**.

## IV.

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**.  In addition, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura* _____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE