UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PEYTON JOHN WESLEY
HOPSON,
:
       Case No. 2:20-cv-4751
   Plaintiff,   :       JUDGE SARAH D. MORRISON
       MAGISTRATE VASCURA
   v.   :

DEBORAH S. HUNT,
:
   Defendant.   :

## OPINION & ORDER

    This 42 U.S.C. § 1983 matter is before the Court upon consideration of an Order and Report and Recommendation (R&R) issued by the Magistrate Judge on September 21, 2020. (ECF No. 2). In key part, the R&R recommends dismissal under 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1) because Defendant Deborah Hunt is judicially immune, and, alternatively, because the statute of limitations has expired. *Id.* at 6-8. Plaintiff Peyton John Wesley Hopson objects. (ECF No. 4.) For the reasons that follow, the Court **OVERRULES** the objections and **ADOPTS** the R&R in its entirety.

## BACKGROUND

    The R&R correctly sets forth an overview of this action as follows:

> According to the Complaint, Plaintiff filed a § 1983 action in the United States District Court for the Northern District of Ohio against Stark County Deputies in 2015. The trial court dismissed his action on an initial screen for failure to state a claim on which relief may be

1

> granted. *See Hopson v. Stark Cty. Sheriff's Office*, No. 5:15-CV-992, 2015 WL 13866562, at *2 (N.D. Ohio Oct. 16, 2015) ("The 992 Action"). In the same order, the trial court certified that any appeal would not be taken in good faith. *Id*. Plaintiff appealed the order dismissing his action to the United States Court of Appeals for the Sixth Circuit, but neither moved for leave to proceed in forma pauperis nor paid the filing fee. (The 992 Action, ECF No. 12.) The Sixth Circuit consequently dismissed Plaintiff's appeal pursuant to Sixth Circuit Rule 45(a). (*Id*., ECF No. 14.)
>
> In the instant action, Plaintiff now asserts that the 6th Circuit's dismissal of his appeal violated his First Amendment right to access to the courts. According to Plaintiff, Defendant dismissed his appeal "solely because poverty made it impossible for him to pay litigation cost." (Compl. 5, ECF No. 1.) Plaintiff seeks monetary damages, specifically $200,000 for emotional distress, an unspecified amount for the cost of future mental health care, $1010 for reimbursement of filing fees, and $50,000 in punitive damages.

(ECF No. 2 at 3.) The R&R concluded that dismissal was proper because Defendant, who is the Clerk of the United States Court of Appeals for the Sixth Circuit, acted in a quasi-judicial manner by dismissing Plaintiff's appeal under Sixth Circuit Rule 45(a) for failure to pay the filing fee via on order ("Order") dated December 30, 2015.[1] *Id*. at 5 (citing *Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (holding defendants acting in quasi-judicial duties were immune from suit). The Magistrate found no exceptions to judicial immunity were present in this instance. *Id*. at 6. So, the R&R held that Defendant was entitled to judicial immunity.

---

[1] Sixth Cir. R. 45 empowers the Clerk to prepare, sign and enter such orders without submission to the court or to a judge.

2

The R&R also recommends dismissal on an alternative theory—expiration of the statute of limitations. The applicable statute of limitations is two years. The action Plaintiff complains about took place in 2015. This case was filed in 2020. Thus, because Plaintiff lodged the instant matter "well beyond the two-year" limit, the R&R suggested dismissal. *Id*. at 6-7.

## STANDARD OF REVIEW

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). Because a nonpaying litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," 28 U.S.C. § 1915(e) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) The allegation of poverty is untrue; or
>
> (B) The action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A requires courts to screen complaints to "identify cognizable claims or dismiss the complaint, or any portion of

the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted."

The same "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A] because the relevant statutory language tracks the language of Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010). Thus, the Court must construe the complaint in the light most favorable to the plaintiff and determine whether the factual allegations present a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. In other words, a complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). However, "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont County Sheriff's Dep't*, 374 Fed. Appx. 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

4

## ANALYSIS

Presently, Plaintiff argues that the Court should reject the R&R because the Order deprived him of the assistance of counsel and deprived him of the right to access the courts. (ECF No. 4 at 11.)  Because of these alleged effects, he maintains, Defendant is not entitled to quasi-judicial immunity. But this is not an objection; rather, it is a re-hashing of the Complaint's allegations. *See* ECF No. 1-1 at 5. Additionally, it fails to address the fact that the Magistrate correctly held that judicial immunity may be extended to judicial staff, like the clerk of court, when that staff member is acting in a quasi-judicial capacity. *See Bradley*, 84 F. App'x at 493. Here, Defendant undoubtedly acted in a quasi-judicial capacity by filing the Order under 6 Cir. R. 45(a). And, while judicial immunity does not apply to nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, or for actions taken in the complete absence of all jurisdiction, neither of these instances are present in the case *sub judice. Id.* at 1116. The Magistrate therefore properly determined that Defendant is entitled to judicial immunity.

Because the Court affirms the R&R's immunity holding, the Court will not address Plaintiff's objection as to the R&R's statute of limitations analysis.

Upon *de novo* review, and mindful of Plaintiff's *pro se* status, the Court concludes that Plaintiff fails to allege any plausible facts which amount to a viable claim under § 1915(e). Consequently, Plaintiff's  Objections (ECF No. 4) are **OVERRULED** and his claims are dismissed pursuant to § 1915(e).

## CONCLUSION

Plaintiff's Objections (ECF No. 4) are **OVERRULED**. The Court **ADOPTS** the R&R (ECF No. 2) in full.

Plaintiff's claims are **DISMISSED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
